```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

| | |
|---|---|
| IFCO SYSTEMS | * |
| NORTH AMERICA, INC. | * |
| | * |
| v. | * Civil Action WMN-09-2874 |
| | * |
| AMERICAN HOME | * |
| ASSURANCE COMPANY | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Currently pending before the Court is Plaintiff IFCO Systems North American, Inc.'s Motion to Alter/Amend Judgment. ECF No. 52. The parties have fully briefed the motion and it is ripe for decision. After reviewing the pleadings and applicable case law, the Court determines that no hearing is necessary, see Local Rule 105.6, and the motion will be denied for the reasons set forth below.

This case arises out of an insurance coverage dispute which has been previously outlined in this Court's June 23, 2011, memorandum, ECF No. 50. In short, Plaintiff IFCO Systems North America, Inc. (IFCO) maintained a commercial general liability insurance policy (CGL policy) with Defendant American Home Assurance Company (AHAC) during the relevant time period. IFCO was sued by Rite Aid of Maryland, Inc. (Rite Aid), with whom it contracted to provide services at a Rite Aid warehouse in Perryman, Maryland, after Rite Aid came to suspect that IFCO

employees had stolen $1.5 million worth of goods from the warehouse. IFCO forwarded the complaint[1] to AHAC and demanded that AHAC defend and indemnify it. AHAC initially agreed to defend IFCO under a full reservation of rights, but subsequently argued that there is no coverage under the policy.

On June 23, 2011, the Court granted summary judgment for AHAC, holding that IFCO was not entitled to coverage under the policy because the allegations in the Rite Aid complaint all stem from intentional acts of IFCO's employees, which do not give rise to an "accident" as defined by Georgia law, and so do not constitute an "occurrence" under the terms of the policy. ECF No. 50. IFCO subsequently filed the present Motion to Alter/Amend Judgment, arguing that there has been a change in the controlling Georgia law that compels the Court to amend its prior judgment. IFCO also argues that it anticipates receiving new evidence, in the form of an employee deposition, indicating that the alleged theft was accidental, not intentional. AHAC opposes the motion and argues that IFCO does not have appropriate grounds on which to make its motion because the new Georgia Supreme Court case cited by IFCO is not a change in the law and the other arguments raised by IFCO, including those

---

[1] The complaint alleges the following six causes of action: (1) negligent hiring, training, supervision and retention; (2) contract indemnification; (3) trover and conversion; (4) common law indemnification; (5) negligence; and (6) breach of contract.

about potentially revelatory evidence, could have, and should have, been raised during original briefing on the summary judgment motion.

Rule 59(e) permits a party to move to alter or amend a judgment. Fed. R. Civ. Proc. 59(e). The Rule itself does not provide any grounds for granting relief, so the Court has considerable discretion in deciding whether to grant or deny such motions. Courts interpreting Rule 59(e) have found three grounds for relief: "(1) an intervening change in controlling law, (2) new evidence that was not [previously] available. . . , or (3) that there has been a clear error of law or manifest injustice." Robinson v. Wix Filtration Corp. LLC, 559 F.3d 403, 407 (4th Cir. 2010). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 at 127-128 (2d ed. 1995) (Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). "Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must

produce a legitimate justification for not presenting the evidence during the earlier proceeding." Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996) (internal quotations omitted)). As such, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (quoting Wright et al., supra, § 2810.1, at 124).

IFCO asserts that it has grounds to file its Rule 59(e) motion because there has been a change in the controlling law that the parties did not have the opportunity to brief prior to the Court's judgment. The alleged change in the law is the Georgia Supreme Court's decision in American Empire Surplus Lines Insurance Company v. Hathaway Development Company, Inc., 707 S.E.2d 369 (Ga. 2011), issued on March 7, 2011, the same day AHAC filed its Reply in support of its Motion for Summary Judgment, making that motion ripe for decision.[2] IFCO argues that Hathaway changed the controlling law because it is an opinion issued by the Georgia Supreme Court that holds "intentional acts/torts are deemed 'accidents' for the purposes

---

[2] The Court notes that it did not issue its decision on the Motion for Summary Judgment until June 23, 2011, so IFCO had over 3 months between the end of briefing and the Court's decision when it could have requested leave of the Court to file supplemental briefing in light of the Hathaway decision. This would have allowed the Court to consider all of IFCO's arguments at the time of the original motion and been a more efficient use of judicial resources.

4

of determining coverage by a CGL policy under Georgia law."
Mot. at 3; Reply at 3.  As such, IFCO further argues, the
holding contradicts this Court's decision that "under Georgia
law, the intentional acts of a corporation's employees do not
constitute an accident . . . for purposes of insurance policy
coverage disputes."  Mot. at 2 (quoting ECF No. 50 at 7).

In the new Georgia decision, Hathaway, the general
contractor, sued its plumbing contractor for negligent plumbing
work at three job sites.  Hathaway sought to recover damages for
the plumbing contractor's faulty workmanship which included both
the cost to repair the plumbing and costs associated with other
damage to property caused by the faulty plumbing.  Default
judgment was entered against the subcontractor, and Hathaway
subsequently sought payment from the subcontractor's insurer.
The insurer denied coverage under the CGL policy, arguing that
the claim did not arise out of an "occurrence" because the
negligent workmanship, which was intentionally performed, could
not be deemed an "accident" under the policy.  The Court of
Appeals rejected this argument, and the insurer appealed to the
Supreme Court, which affirmed the Court of Appeals decision and
ruled that faulty workmanship can constitute an occurrence.

After carefully reviewing the Hathaway opinion, it is clear
to this Court that it does not change Georgia law.  First, the
Georgia Supreme Court's decision was to affirm, not overrule,

5

the November 16, 2009, decision of the Court of Appeals of Georgia (Hathaway I).[3] Second, the Supreme Court quoted with approval another Court of Appeals case, SawHorse v. Southern Guar. Ins. Co. of Ga., 604 S.E.2d 541 (Ga. Ct. App. 2004), on which the decision by the Court of Appeals relied in Hathaway I. Hathaway, 707 S.E.2d at 751-752. These two acts of affirmation indicate the Supreme Court's approval of existing Georgia law and do not signal a change.

Moreover, even if the Court accepts, arguendo, that Hathaway stands for a proposition not previously recognized by the Georgia Supreme Court, its holding does not affect this Court's original analysis in its June 23, 2011, opinion. In stating that Hathaway confirmed its analysis "that intentional acts/torts are deemed 'accidents' for the purposes of determining coverage," Mot. at 3, IFCO improperly simplifies the holding. IFCO fails to appreciate the factual context of the opinion and suggests that the intentional acts of IFCO employees that gave rise to a cause of action for the intentional torts of conversion and trover are analogous to the negligently performed deliberate acts of a subcontractor that gave rise to a cause of action for negligence. The Court does not agree that these factual scenarios are analogous, or that the Georgia Supreme

---

[3] The Court of Appeals decision can be found at Hathaway Dev. Co., Inc. v. Amer. Empire Surplus Lines Ins. Co., 686 S.E.2d 855 (Ga. Ct. App. 2009).

6

Court would find them to be so, as the "intentional" acts in Hathaway refer to negligent acts deliberately done, as opposed to intentional tortious acts, and so concludes that the holding in Hathaway is properly limited to the context of deliberate acts that result in faulty workmanship. As Hathaway does not represent a change in the controlling law, the Court will not revisit IFCO's earlier arguments.[4]

IFCO also argues that the Court should amend its grant of summary judgment because IFCO has learned that the accused IFCO employee, Jeffrey Lycliter, plans to testify in his deposition that he denies participation in the alleged theft. In making this argument, IFCO points to statements made by Lycliter to law enforcement, which were memorialized in an "Application for Statement of Charges", Ex. B., and "Supplemental Report," Ex. C. The documents are dated February 19, 2008, and December 18, 2007, respectively, and, according to AHAC and undisputed by IFCO, were produced by IFCO in discovery on January 6, 2011. Opp'n at 11. These documents were clearly in IFCO's possession prior to the time IFCO filed its opposition to the motion for summary judgment on February 7, 2011, and prior to the Court's

---

[4] The Court also notes that, under a Rule 59(e) motion, it would similarly be inappropriate to entertain new arguments, such as that regarding a "Separation-of-Insureds" theory, that IFCO had the opportunity to raise in its original briefing. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

decision issued on June 23, 2011, and so could have been presented to the Court during the original briefing.  Moreover, even if IFCO did not learn that Lycliter planned to testify in his deposition that the theft was accidental until after the Court's June 23, 2011, decision, the police investigation documents clearly indicate that "Lycliter denied having any involvement" and stated that "products belonging to Rite Aid are 'accidentally' placed on IFCO truck [sic] all the time and moved inadvertently from the warehouse complex."  Ex. C at 2; Ex. B at 3.  "Newly discovered evidence is that which is 'truly newly discovered or . . . could not have been found by due diligence.'"  Atlantic States Legal Found. v. Karg Bros., 841 F. Supp. 51, 56 (N.D.N.Y 1993) (citations omitted).  That Lycliter plans to testify consistently with his prior statements is not newly discovered evidence.

Moreover, in its original briefing, IFCO made the nearly identical argument that summary judgment is inappropriate because discovery in the underlying case is ongoing, ECF No. 43 at 21.  This Court rejected that argument and held that as "the underlying complaint is premised entirely on the alleged conversion of Rite Aid goods," "the Policy does not cover the Rite Aid Action as a matter of law."  ECF No. 50 at 15.  A Rule 59(e) motion is not a vehicle for parties to recapitulate arguments considered by the Court before rendering its original

decision. As such, the Court finds that IFCO has failed to provide any grounds on which it can successfully base its Motion to Amend/Alter Judgment.

For the foregoing reasons, the Court concludes that Plaintiff IFCO Systems North American, Inc.'s Motion to Alter/Amend Judgment will be denied. The Court will issue a separate Order.

/s/
William M. Nickerson
Senior United States District Judge

November 4, 2011